*Carlisle & O'Hara, for appellants.*

*Pryor, for appellee.*

---

### Z. M. SHERLEY, ETC., *v.* JOHN M. MARTIN, ETC.

**Salvage—Shipwreck—Compensation for Assistance—Steamboat.**

Where a steamboat has been wrecked and set on fire by an explosion of its boilers, any person assisting in extinguishing the flames, thereby saving the property from total loss, is entitled to reasonable salvage.

APPEAL FROM LOUISVILLE CHANCERY.

May 23, 1871.

OPINION BY JUDGE LINDSAY:

The difficulties attending the correct adjudication of this case grew out of the conflicting character of the testimony in detail,

A careful analysis of the statements of the various witnesses and of the circumstances attending the transaction satifies us that it is proved with a reasonable degree of certainty.

That the explosion of the boilers of the Steamer General Lytle had the effect of reducing that vessel to a complete and unmanageable wreck.

That as a further result of the said explosion said vessel was set on fire in several places.

That except for assistance rendered by third parties she would in a very short time have been entirely destroyed by said fires.

That most of the officers and a large portion of the crew of said steamer were either killed or disabled by the explosion, and that those who escaped injury were so thoroughly demoralized by the disaster that they could have made no organized effort to extinguish the fires *and save* the boat from total destruction.

That said fires were extinguished and the vessel except in so far as injured by the explosion saved to its owners through the exertions of the officers and men composing the crew of the steamer St. Charles, who rendered to the disabled craft (with the most commendable alacrity and the highest degree of spirit) all possible and necessary assistance.

That the reasonable value of the wreck so saved by the appellees was between ten and twelve thousand dollars, and that the amount adjudged to them in the way of salvage is neither unusual nor excessive. Wherefore the judgment of the Chancellor must be affirmed.

*Pope, Bradley & Sumrall, for appellant.*
*Bruce & Russell, for appellee.*